**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

**APR 7 2000**

**PATRICK FISHER**
**Clerk**

KENNETH HILL,

     Petitioner - Appellant,

v.

STATE OF OKLAHOMA; SUSAN
CASSWELL, Oklahoma County
District Judge; LISA HAMMOND,

     Respondents - Appellees.

No. 99-6454
(D.C. No. 99-CV-1426-C)
(Western District of Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **BALDOCK**, **HENRY** and **LUCERO**, Circuit Judges.

     Kenneth D. Hill, a state prisoner appearing pro se, brought suit under 42

U.S.C. § 1983 against the State of Oklahoma, Lisa Hammonds, assistant district

attorney, and Judge Susan Casswell of the Oklahoma County District Court,

alleging that his constitutional rights were violated when he was not accepted into

the Oklahoma County Drug Court Program in contravention of his plea agreement

---

[*] The case is unanimously ordered submitted without oral argument
pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel. The court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 36.3.

with the State. The district court dismissed the claim as frivolous, holding that all of the defendants are immune from suit, and counted the dismissal as a strike under 28 U.S.C. § 1915(g). Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we dismiss Hill's appeal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

Each of the three defendants named in this suit are immune from liability under 42 U.S.C. § 1983. In general, the Eleventh Amendment bars suits in federal courts against non-consenting States. See Seminole Tribe of Florida v. Florida, 517 U.S. 44, 54 (1996). Because Oklahoma has not waived its Eleventh Amendment immunity, see Okla. Stat. Ann. tit. 51 § 152.1, Hill's claims against the State are barred. Judge Casswell is entitled to absolute immunity for all acts performed in her judicial capacity, see Hunt v. Bennett, 17 F.3d 1263, 1266 (10th Cir. 1994), and is therefore immune from claims arising from her denial of Hill's motion to enforce his plea agreement. Finally, Hammonds's decision to place Hill on the regular criminal docket rather than in the drug court program was an action "intimately associated with the judicial phase of the criminal process," and therefore she is entitled to absolute immunity from suits arising out of that decision. Imbler v. Pachtman, 424 U.S. 409, 430 (1976); cf. Miller v. Barilla, 549 F.2d 648, 649 (9th Cir. 1977) (holding that a district attorney is immune from a § 1983 suit arising from the alleged breach of a plea agreement), overruled on other

grounds by <u>Glover v. Tower</u>, 700 F.2d 556, 559 (9th Cir. 1983) (additional history omitted).

Our resolution of Hill's claims should not be read as unsympathetic to the serious due process concerns raised when a plea agreement is breached. <u>See</u> <u>Santobello v. New York</u>, 404 U.S. 257, 262 (1971) ("[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled."). Rather, we simply hold that Hill cannot obtain the relief he seeks by bringing a suit under § 1983 against the named defendants.

Hill's appeal not only lacks merit, it is also frivolous. The legal theory upon which he chose to proceed is entirely without support, as should have been apparent to him from the district court's order. Both the district court's dismissal of his complaint as frivolous and our dismissal of his appeal on the same ground count as "prior occasions" under 28 U.S.C. § 1915(g). <u>See</u> <u>Jennings v. Natrona County Detention Ctr. Med. Facility</u>, 175 F.3d 775, 780 (10th Cir. 1999). In addition, our review of Hill's case history reveals he has already incurred at least one strike. <u>See</u> <u>Hill v. Oklahoma</u>, CIV-99-665-C (W.D. Okla. Aug. 4, 1999). Hill is advised that he is no longer entitled to proceed in forma pauperis in any civil action or appeal from a judgment in a civil action, unless it involves "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

We remind Hill of his continuing obligation to pay all installments of the deferred district court and appellate filing fees until they are paid in full. No exception is made for dismissed appeals. See 28 U.S.C. § 1915(b)(2); Jennings, 175 F.3d at 781.

This appeal is **DISMISSED**.

The mandate shall issue forthwith.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge
